

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Harlin DeWayne Hale*
**United States Bankruptcy Judge**

**Signed December 16, 2010**

---

FORM OrderConfirm

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

IN RE:
PAULA JANE BARKER                    CASE NO:10-70477-HDH-13
                                     DATE: December 16, 2010
                                     HEARING DATE: December 15, 2010
                                     HEARING TIME:  10:00 AM
                                     CONTINUED HEARING DATE:

_____

**ORDER CONFIRMING CHAPTER 13 PLAN, VALUING COLLATERAL
AND ALLOWING DEBTOR'S ATTORNEY'S FEES, PROVIDING FOR A TRUSTEE'S RECOMMENDATION
CONCERNING CLAIMS, AND OTHER RELATED MATTERS (WITH REVISIONS TO THE PLAN AS SPECIFIED
HEREIN)**
_____

It having been determined after at least twenty-eight (28) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled or withdrawn.

That the Debtor's(s') Final Chapter 13 Plan and Motion for Valuation ("PLAN") complies with Chapter 13 and all applicable provisions of Title 11, United States Code.

That any fee, charge or amount required under Chapter 13 of Title 28, United States Code, or by the PLAN, to be paid before Confirmation, has been paid;

That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the PLAN, of property to be distributed under the PLAN on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) was liquidated under Chapter 7 of Title 11, United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens, until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under Section 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims; and if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than an amount sufficient to

provide to such claim holder adequate protection of the interest of such claim holder under the property securing such claim to such holder;

      That the action of the Debtor in filing the petition was in good faith;

      That the debtor has paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtor is required by a judicial or administrative order or by statute, to pay such Domestic Support Obligation;

      That the Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308 of Title 11 of the United States Code;

      That no objection to Confirmation has been filed by the Trustee or any unsecured creditor, or if so, that the debtor(s) will pay under the PLAN, all Debtor's (s') projected disposable income for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan;

      That Confirmation of the PLAN and the valuations set forth therein have been recommended by the Standing Chapter 13 Trustee; and

      That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

      **IT IS FURTHER ORDERED THAT**: The PLAN filed OCTOBER 14, 2010 is confirmed;

      **IT IS FURTHER ORDERED THAT**: The allowed non-priority unsecured claims will be paid pro-rata from the greater of an unsecured creditors' pool of not less than $\_\_\_ or non-exempt property estimated at $\_\_500.00\_\_;

      **IT IS FURTHER ORDERED THAT**: The debtor(s) shall make payments to the Trustee as indicated in Section I, part "A" of the PLAN filed OCTOBER 14, 2010;

      **IT IS FURTHER ORDERED THAT**: The debtor's(s') attorney MONTE J WHITE is allowed fees as stated in Section I, part "C" of the PLAN filed OCTOBER 14, 2010; and

      **IT IS FURTHER ORDERED THAT**: For purposes of distribution under the PLAN, Section 506, Section 1325(a)(5), and Section 1325(a)(9) of the Bankruptcy Code, the value of collateral securing any claim as described in Section I, parts "E", "F", and "G" of the PLAN are approved except as follows:

*THE DEBTOR'S MONTHLY PLAN PAYMENT TO THE TRUSTEE SHALL INCREASE TO $547.00 BEGINNING JANUARY 2011. THE PLAN TERM SHALL BE EXTENDED FROM 36 TO 45 MONTHS. THE NEW PLAN BASE SHALL BE $24,015.00. THE PLAN SHALL PAY 100% TO THE ALLOWED UNSECURED CLAIMS FILED.*

      **IT IS FURTHER ORDERED THAT**: If the Claim is not paid during the term (Approximate) shown in Section I, Paragraphs D, E, H and/or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Section II, Paragraph U of the Plan;

      **IT IS FURTHER ORDERED THAT**: The Trustee is authorized to receive, endorse, and apply to any delinquent payments under the PLAN, any Income Tax Refund payable to debtor(s) during the pendency of this case, and apply any IRS refund in excess of $2000 pro rata to Debtor's allowed general unsecured creditors, pursuant to General Order 2007-02;

      **IT IS FURTHER ORDERED THAT**: The Debtors shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors;

      **IT IS FURTHER ORDERED THAT**: The Standing Chapter 13 Trustee is hereby discharged from any liability from the Debtor's(s') operation of business and from any further duty to investigate the business of the Debtor or to require further operating reports from the Debtor;

      **IT IS FURTHER ORDERED THAT**: Pursuant to General Order 2007-02, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims, and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing and pre-hearing conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an objection is timely filed as to the treatment of any claim,

the claim withdrawal approved by the TRCC and made binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's pre-hearing conference or give the Trustee prior written notice that a hearing is necessary.

# # #  End of Order # # #

__/s/  Walter O'Cheskey_____
Walter O'Cheskey, Chapter 13 Trustee
6308 Iola Avenue,
Lubbock TX 79424